**Mateo SANCHEZ-MARTINEZ, AKA Mateo Martinez-Sanchez, Petitioner,**

**v.**

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 14-72432**

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2017 *

Filed July 5, 2017

Aditya Dynar, Phoenix, AZ, Lance Wells, Attorney, Lance Wells General Counsel, PLLC, Mesa, AZ, for Petitioner

Nancy Canter, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil

*See* Fed. R. App. P. 34(a)(2).

Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

### MEMORANDUM **

Mateo Sanchez-Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision pretermitting his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA did not err in concluding that a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(h), is not available to waive the effect of the conviction that rendered Sanchez-Martinez ineligible for cancellation of removal. *See Guerrero-Roque v. Lynch*, 845 F.3d 940, 942 (9th Cir. 2017) ("[W]e hold that the waiver authority provided in INA § 212(h) does not nullify a conviction that disqualifies an alien from cancellation of removal under INA § 240A(b).").

We lack jurisdiction to consider Sanchez-Martinez' unexhausted contentions that the IJ abused his discretion or denied due process by not granting a further continuance. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

** This disposition is not appropriate for publi-

We deny Sanchez-Martinez' motion for judicial notice and to supplement the record on appeal (Docket Entry No. 11) and grant Respondent's motion to strike exhibits from Sanchez-Martinez' opening brief (Docket Entry No. 13). *See* 8 U.S.C. § 1252(b)(4) ("[A] court of appeals shall decide the petition only on the administrative record on which the order of removal is based[.]"); *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (new evidence may be added to the record through a motion to reopen with the agency).

We deny Sanchez-Martinez' request for attorney's fees as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.